# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY DELGADO RODRIGUEZ, | 1:08-cv-01150 AWI YNP (DLB) (HC) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |
| v. | **[Doc. #11]** |
| JAMES YATES, Warden, | **ORDER DISMISSING PETITION** |
| Respondent. | **ORDER DIRECTING CLERK TO ENTER JUDGMENT** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

In September 2006, a letter was placed in Petitioner's C-File concerning his possible involvement with the Mexican Mafia prison gang. (Exhibit 1 to Mot. to Dismiss). While concluding that there was not sufficient evidence to validate Petitioner as an associate or member, the Institutional Gang Investigator who wrote the report recommended that Petitioner be closely monitored for any future activity with the gang. (Id.) Petitioner tried to appeal the report several times at the second level of the prison's administrative appeal process but was rejected due to untimeliness. (Id., Ex. 3). Petitioner was also rejected at the third administrative level of appeal due to his failure to complete the second level. (Id., Ex. 4).

Petitioner filed a petition for writ of habeas corpus in the California state courts requesting the determination of gang involvement be expunged from his record because it could have adverse

1    affects on his ability to be released on parole.   His petition with the Fresno County Superior Court

2    was denied because Petitioner failed to provide any explanation as to why he waited six months

3    between his final rejection at the administrative level and filing with the superior court.   Petitioner's

4    petition to the California Supreme Court was denied with a citation to In re Dexter, 25 Cal.3d 921

5    (1979), for failure to exhaust administrative remedies.

6        Petitioner filed his petition with this Court on August 8, 2008.   On November 10, 2008,

7    Responded filed a motion to dismiss the petition on the grounds that Petitioner failed to exhaust state

8    court remedies and that he does not present a claim for which habeas relief is available.   Petitioner

9    filed an opposition to the motion to dismiss on November 26, 2008.   Respondent filed a reply to

10   Petitioner's opposition on December 5, 2008.

11                                   **DISCUSSION**

12   **I. Jurisdiction**

13       Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

14   to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

15   the United States.   28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362,

16   375 n.7 (2000).   Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S.

17   Constitution.   In addition, the controversy arises out of Pleasant Valley State Prison Fresno County,

18   which is located within the jurisdiction of this Court.   28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).

19   Accordingly, the Court has jurisdiction over the action.

20       On April 24, 1996, Congress enacted the AEDPA, which applies to all petitions for writ of

21   habeas corpus filed after its enactment.   Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood,

22   114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996),

23   *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320

24   (1997) (holding AEDPA only applicable to cases filed after statute's enactment).   The instant petition

25   was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

26   **II. Procedural Grounds for Motion to Dismiss**

27       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

28   petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." *See*

1    Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

2         The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

3    the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

4    state's procedural rules. *See, e.g.*, O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using

5    Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis,

6    874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to

7    dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal.

8    1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and

9    the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n.

10   12.  In this case, Respondent has not yet filed a formal answer so the Court will review Respondent's

11   motion to dismiss pursuant to its authority under Rule 4.

12   **III.  Standing**

13        Article III, § 2, of the Constitution gives the federal courts jurisdiction over only "cases and

14   controversies."  U.S. Const. Art. III, § 2, cl. 2.  In order for a petitioner to satisfy the case-or-

15   controversy requirement "he must demonstrate that he has suffered an 'injury in fact.'"  Whitmore v.

16   Arkansas, 495 U.S. 149, 155 (1990).  In other words, the petitioner "must have suffered, or be

17   threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable

18   judicial decision."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  In this case,

19   Petitioner does not claim that he has suffered any actual injury to the determination that he associates

20   with the Mexican Mafia; instead he claims that he will be subject to injury in the future when his

21   parole will be denied due to the letter about his possible involvement.

22        In most cases, allegations of future injury cannot satisfy the requirements of Article III.  "A

23   threatened injury must be 'certainly impending' to constitute and injury in fact."  Whitmore, 495

24   U.S. at 158.  Petitioner's allegation of future injury is far too speculative to be "certainly

25   impending."  Petitioner's parole hearing will not take place until 2042 and there is no way that

26   Petitioner can prove that this report will be a deciding factor in the parole board's decision thirty-

27   three years from now.  Petitioner claims that it is obvious that being associated with a prison gang

28   will affect his parole "no matter how far off that parole may be."  (Opp'n to Mot. to Dismiss at 5).

1   The Court recognizes the severity of being linked with a known prison gang but also recognizes that

2   such association is not dispositive of being released on parole, especially with so much time

3   remaining on Petitioner's sentence.  There have been plenty of prisoners who were at one time

4   associated with a prison gang who have gone on to be released on parole.  If actual gang members

5   can achieve parole, it should not be impossible for Petitioner, who claims he is not a member of the

6   gang, to use the next thirty-three years to distance himself from gang activity and conduct himself as

7   a model prisoner worthy of parole.   Thus, Petitioner lacks standing because he has failed to show

8   that his petition implicates the fact or duration of his confinement.

9   **IV. Exhaustion**

10      California Supreme Court denied Petitioner's state habeas corpus petition with a citation to In

11  re Dexter, 25 Cal.3d 921 (1979).   Dexter holds that "a litigant will not be afforded judicial relief

12  unless he has exhausted available administrative remedies.  Dexter, 25 Cal.3d at 925.   By citing this

13  case, it is clear the California Supreme Court was indicating that Petitioner had not exhausted his

14  administrative remedies.

15      A claim denied by the state's highest court as procedurally deficient, either explicitly or by

16  citation of authority does not exhaust the claim.  Harris v. Superior Court, 500 F.2d 1124, 1128 (9th

17  Cir. 1974).  The Ninth Circuit explained the rule as follows:

18          If the denial of the habeas corpus petition includes a citation of an authority which
            indicates that the petition was procedurally deficient or if the California Supreme
19          Court states so explicitly, then the available state remedies have not been exhausted
            as the California Supreme Court has not been given the required fair opportunity to
20          correct the constitutional violation.

21  Harris, 500 F.2d at 1128.   Thus, a denial of Petitioner's final state habeas petition with a citation to

22  Dexter is a denial on procedural grounds, leaving Petitioner's state remedies unexhausted. This Court

23  cannot consider a petition that contains unexhausted claims.  Rose v. Lundy, 455 U.S. 509, 521-22

24  (1982); Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc). Thus, the

25  petition can be dismissed for lack of exhaustion as well as on the ground Petitioner lacks standing

26  because the petition's merits do not implicate the fact or duration of Petitioner's confinement.

27  //

28

U.S. District Court
E. D. California

4

1

**ORDER**

2
      Accordingly, IT IS HEREBY ORDERED that:

3
      1.     Respondent's Motion to Dismiss is GRANTED;

4
      2.     The Petition for Writ of Habeas Corpus is DISMISSED; and

5
      3.     The Clerk of Court is DIRECTED to enter judgment.

6

7
IT IS SO ORDERED.

8
**Dated:**    **September 23, 2009**         **/s/ Anthony W. Ishii**

9
CHIEF UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. District Court
E. D. California